IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FILED**

**NOV 2 2 2005**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03-40086-JPG |
| | ) | |
| W. DAVID ROMMEL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JUDGMENT AND DECREE FOR FORFEITURE

This case is called for hearing upon the issue of the amount of forfeiture to be awarded in favor of the United States against defendant W. David Rommel. Upon consideration of the arguments by the United States and defendant, the Court hereby finds by a preponderance of the evidence that the gross proceeds received by the defendant as a result of the commission of the health care fraud described in Count 15 of the Indictment is $827,106.75.

The Court hereby awards a monetary forfeiture judgment in the amount of $827,106.75 in favor of the United States and against defendant W. David Rommel.

The Court further finds that due to the actions of defendant, all property of the defendant which could have been directly forfeited has been commingled with other property which cannot be divided without difficulty and that the forfeiture of substitute assets pursuant to 21 U.S.C. § 853(p) is appropriate. The United States shall be entitled to enforce the aforesaid monetary forfeiture judgment as an ordinary monetary judgment, by the forfeiture of substitute assets, or by a combination of both methods, as long as double recovery is not obtained.

The defendant shall no longer be permitted to receive any of the assets previously restrained by this Court for his personal living expenses for attorney's fees, for litigation expenses, or for any other purpose.

Any assets currently in the custody of the defendant's attorney which have not already been earned by him shall be turned over by him to the United States Marshal pending further order of this Court.

All other remaining provisions of all restraining orders and protective orders entered in this cause concerning the property and assets of the defendant remain in full force and effect until further order of this Court.

With respect to all restrained assets, this Court will enter a preliminary order of forfeiture upon motion of the United States forfeiting said assets as substitute property and with the right of third party claimants to file petitions asserting any interest in said assets.

This forfeiture judgment is in addition to and in enforceable above and beyond any judgment for restitution which may be entered against the defendant in this cause.

The Court finds that this forfeiture decree is final with respect to the defendant W. David Rommel and shall constitute part of the judgment entered against him.

**IT IS SO ORDERED.**

DATE: 11/22/05

J. Phil Gilbert
United States District Judge